UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIRECTORS OF THE OHIO CONFERENCE OF PLASTERERS & CEMENT MASONS COMBINED FUNDS, INC., | ) ) ) ) ) | CASE NO. 5:16-cv-1674 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| AKRON INSULATION AND SUPPLY, INC. | ) ) ) | |
| DEFENDANT. | ) | |

Presently before the Court is the motion of plaintiff Directors of the Ohio Conference of Plasterers & Cement Masons Combined Funds, Inc. ("plaintiff" or "Funds") for entry of default judgment against defendant Akron Insulation and Supply, Inc. ("defendant" or "AIS") for unpaid contributions, liquidated damages, and interest for the time period of January 1, 2014 through present, and for $4,532.50 in attorney fees and $609.50 in costs. (*See* Doc. No. 10 ["Mot."] at 113.[1]) In support of the motion, plaintiff has submitted the affidavits of Tim Myers (Doc. No. 10-1 ["Myers Aff."]) and Joshua Hippenmeyer (Doc. No. 10-2 ["Hippenmeyer Aff."]). Defendant did not oppose the motion.

For the reasons that follow, the motion is denied.

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

**A. Background**

On June 30, 2016, plaintiff filed suit against AIS pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), for violating the collective bargaining agreement to which AIS is a signatory (attached as Exhibit A to the complaint (Doc. No. 1-2 ["CBA"])),[2] and failing to make contributions to the Funds as required by the agreement. (Doc. No. 1 ["Compl"] ¶¶ 1, 6). Plaintiff asserts six claims for relief for violation of the CBA attached to the complaint. (*Id.* ¶¶ 5-44.) Defendant did not answer or otherwise respond to the complaint, and default was entered by the Clerk against defendant AIS on August 24, 2016. (Doc. No. 9.)

Thereafter, plaintiff filed the instant motion. Plaintiff argues in the motion plaintiff has failed to file reports and make timely contributions as required by the collective bargaining agreement to which defendant is a signatory for the months of "October 2014, December 2014, January 2015, March 2015 through May 2015, August 2015, September 2015, November 2015, and December 2015." (Mot. at 109-110.) Plaintiff seeks an order that requires defendant to submit to an audit and provide all necessary records in order to determine the amount of defendant's obligations under the CBA for those time periods, and for attorney fees and costs in the amount of $5,142.00.

**B. Discussion**

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Rule 55(b) provides that default judgment may be entered against a defendant who is neither a

---

[2] AIS is a signatory to the Plasterer's Agreement for Local Union No. 109 of the Operative Plasterers' and Cement Masons' International Association for the time period June 1, 2007 to May 31, 2010. (CBA at 13, 31.)

2

minor nor an incompetent person. According to the complaint, AIS has at all relevant times represented itself to be a corporation licensed to conduct business in Ohio with its principal place of business in Akron Ohio, and is an employer as defined by ERISA. (Compl. ¶ 4.) As a business entity, AIS is not a minor, incompetent person, or subject to the Soldiers and Sailors Relief Act of 1940. *Zinganything, LLC v. Tmart UK Ltd.*, No. 5:14-CV-629, 2016 WL 362359, at *2 (N.D. Ohio Jan. 29, 2016) (citation omitted).

Rule 55(b)(1) provides that judgment may be entered by the Clerk if the amount is for a sum certain "on plaintiff's request, with an affidavit showing the amount due[.]" In this case, plaintiff has requested and requires an audit to determine the amount of alleged damages.

The Court may enter default judgment pursuant to Rule 55(b)(2). That rule does not set forth a standard to be applied in determining when a party is entitled to a judgment by default. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civ.3d § 2685 (1998) (footnotes omitted). "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right […]." *Id.*

Because default was entered against AIS, defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the

amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Thus, AIS is deemed to have admitted that if failed to comply with the CBA identified in the claims and attached to the complaint. That CBA covers the time period from June 1, 2007 through May 31, 2010.

The default judgment and related damages that plaintiff seeks, however, is for time periods in 2014 and 2015. Defendant's default and admissions as to the 2007-2010 CBA asserted in the claims and attached to the complaint does not constitute an admission by AIS of any violations of a collective bargaining agreement for time periods in 2014 or 2015. Thus, plaintiff has failed to establish that it is entitled to default judgment against defendant for breach of any collective bargaining agreement obligations in 2014 and 2015.

## C. Conclusion

For all of the foregoing reasons, plaintiff's motion for default judgment (Doc. No. 10) is DENIED. Plaintiff is granted leave until August 4, 2017 to show cause why this case should not be dismissed.

**IT IS SO ORDERED**.

Dated: July 24, 2017

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**